```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         LAFAYETTE DIVISION


CAT SCALE COMPANY,              )
                                )
          Plaintiff             )
                                )
     v.                         )    Case No. 4:04 cv 53
                                )
TRUCK STOP SCALE COMPANY d/b/a  )
TRANSCONTINENTAL WEIGHING       )
SERVICES and JBS, INC. d/b/a    )
GRANDMA'S TRAVEL CENTER,        )
                                )
          Defendant             )
```

OPINION AND ORDER

This matter is before the court on the Motion to Compel filed by the plaintiff, CAT Scale Company, on April 22, 2005. For the reasons set forth below, the motion is **GRANTED IN PART.**

Background

This discovery dispute arises from a suit filed by CAT Scale Company ("CAT") on August 12, 2004, alleging that signs maintained at weighing stations by the defendants, Truck Stop Scale Company ("Truck Stop") and JBS, Inc. ("JBS"), constituted willful and intentional infringement of the plaintiff's federally registered service marks. CAT also is seeking compensation for unfair competition resulting from the defendants' signs.

On December 29, 2004, this court approved the parties' Proposed Pretrial Schedule, which included (1) a deadline of January 12, 2005 for the parties' Rule 26(a)(1) disclosures and (2) authorization for the parties to begin written discovery any time after January 12. On January 12, 2005, the plaintiff timely filed and served its initial disclosures on the defendants

pursuant to Rule 26(a)(1).  On January 18 and 24, 2005 respectively, the plaintiff served Interrogatories and Requests for Production on the defendants.  Therefore, the defendants' discovery responses were due no later than the end of February 2005.  Nevertheless, the defendants have not provided the initial disclosures or responses to the interrogatories and document requests, despite repeated efforts from the plaintiff's counsel to confer with counsel for the defendants.

On April 22, 2005, the plaintiff filed its first motion to compel seeking to compel the production of the defendants' Rule 26(a) disclosures and belated discovery responses.  In its motion, the plaintiff asks the court to (1) order the defendants to respond to the plaintiff's written discovery and provide Rule 26(a)(1) disclosures by a date certain, (2) order any objections defendants may have to the plaintiff's written discovery be waived pursuant to Rule 33(b)(4), and (3) require the defendants to pay CAT its reasonable expenses incurred in making this motion, including attorneys' fees, pursuant to Rule 37(a)(4)(A).

<u>Discussion</u>

Federal Rule of Civil Procedure 26(a)(1) states that "a party must, without awaiting discovery request, provide to other parties . . . a copy of, or a description by category and location of all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses."  The rule further states that "these disclosures must

2

be made at or within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order." Similarly, Federal Rule of Civil Procedure 33 states that interrogatories must be answered or objected within 30 days of service. Rule 33(b)(4) warns that "any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause." *See* **Lambert v. Houi**, No. 99 C 50076, 2002 U.S. Dist. LEXIS 1472, at *2 (7th Cir. Aug. 7, 2001). Finally, the district court has discretion in delivering appropriate sanctions, including attorney's fees, for misconduct in discovery dealings. *See* **Patterson v. Coca-Cola Bottling Co.,** 852 F.2d 280, 284 (7th Cir. 1988).

In this instance, the defendants do not dispute that their disclosures and discovery responses are overdue, nor did they seek leave of court to extend the deadlines for responding to the plaintiffs' written discovery. Rather, the only claim the defendants make is that plaintiff's counsel refused to negotiate about the discovery requests because she did not have the authority to do so. However, the undisputed facts indicate that the conversation on which the defendants' argument is based occurred on May 6, 2005, over two months after the latest discovery responses were due and after numerous attempts by the plaintiff's counsel to reach the defendants' counsel. Under these circumstances, the defendants' excuse for failing to produce the discovery responses hardly constitutes good cause.

Because the defendants' response to the motion to compel is incomplete and unconvincing, the court will order all objections to the outstanding discovery waived.  However, the court notes that this motion to compel is the first discovery dispute in this case.  In light of the defendants' previous cooperation, the court does not find that the award of attorney's fees is appropriate at this time.

_____

For the foregoing reasons, the Motion to Compel filed by the plaintiff, CAT Scale Company, on April 22, 2005 is **GRANTED IN PART**.  The defendants are **ORDERED** to produce their initial disclosures and respond to the outstanding interrogatories and requests for production by June 13, 2005.  Any objections the defendants may have regarding the written discovery are hereby deemed **WAIVED**.

ENTERED this 1st day of June, 2005

s/ ANDREW P. RODOVICH
United States Magistrate Judge