```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         LAFAYETTE DIVISION


CAT SCALE COMPANY,              )
                                )
          Plaintiff,            )
                                )
     v.                         )    Case No.  4:04 CV 53
                                )
                                )
THE TRUCK STOP SCALE COMPANY    )
and JBS, INC.,                  )
                                )
          Defendants            )
```

OPINION AND ORDER

This matter is before the court on the Motion for Reconsideration filed by the defendants, Truck Stop Scale Company and JBS, Inc., on August 23, 2005. For the reasons set forth below, the motion is **DENIED**.

Background

A brief history of the plaintiff's discovery efforts in this trademark infringement suit is necessary to put this motion in context. On December 29, 2004, this court established a discovery deadline of April 29, 2005. On March 15, 2005, the parties filed a joint motion to extend deadlines, which the court granted on March 29, 2005, extending the discovery deadline to August 27, 2005. On April 21, 2005, the plaintiff filed a first motion to compel discovery. The defendants responded to this motion, and the court ultimately granted it in part. In an order dated June 1, 2005, the court ordered the defendants to provide Federal Rule of Civil Procedure 26 initial disclosures, as well as answers to interrogatories and requests for production, by June 13, 2005.

On June 28, 2005, the plaintiff requested that discovery be extended until October 27, 2005 because the defendants' untimely responses to discovery delayed the proceedings. The plaintiff also stated that it had received no document production or Rule 34 responses from either defendant. The defendants never responded to this motion.

On June 29, 2005, the plaintiff filed a second motion to compel discovery responses because defendant Truck Stop Scale had failed to respond to a second set of requests for production served April 15, 2005. Once again, the defendants did not respond to this motion.

On July 1, 2005, the plaintiff filed a motion for sanctions, requesting that the court enter a default judgment in favor of the plaintiff because of the ongoing discovery deficiencies. For a third time, and despite requesting and receiving an extension of time to do so, the defendants did not respond.

On August 8, 2005, well over a month after the last of these motions had been filed, the court granted the plaintiff's pending motions to compel and for sanctions.  The court ordered the defendants to respond to the plaintiff's first set of requests for production (for the second time), by August 19, 2005, held that any objections to this discovery were waived, and stated that no further extensions of time would be granted.  The court further warned the defendants that failure to comply with the order would result in the defendants' pleadings being stricken and default judgment entered in favor of the plaintiff.

2

August 19, 2005 passed without comment from the defendants. Then on August 23, 2005, the defendants filed their motion to reconsider the August 8, 2005 Order.

## Discussion

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure."  **Hope v. United States**, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994).  *See also* **Talano v. Northwestern Medical Faculty Foundation, Inc.**, 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." **Ahmed v. Ashcroft**, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted).  In **Frietsch v. Refco, Inc.**, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him.  Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828

*See also* **Oto v. Metropolitan Life Insurance Company,** 224 F.3d 601, 606 (7th Cir. 2000)("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); **Divane v. Krull Electric Company**, 194 F.3d

3

845, 850 (7th Cir. 1999); ***LB Credit Corporation v. Resolution Trust Corporation***, 49 F.3d 1263, 1267 (7th Cir. 1995).  Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." ***Global View Ltd. Venture Capital v. Great Central Basin Exploration***, 288 F. Supp.2d 482, 483 (S.D.N.Y. 2003) (internal quotation omitted)

Despite this court's order that no further extensions of time would be granted, the defendants now say that an extension is warranted because counsel for the defendants "assumed" that this court did not intend to rule on the pending motions until additional discovery, such as the deposition of Truck Stop Scale officer Don Reser, had been taken and because they received no notice of the August 8, 2005 Order.

First, at no time did this court indicate that the briefing deadlines set forth by Local Rule 7.1(a) were suspended.  Second, neither the plaintiff nor the court suggested that a ruling on the plaintiff's motions would not be reached before the deposition of Don Reser was taken. The defendants waived this argument by failing to respond to the pending motions at all, let alone on the grounds that Reser's testimony was essential.

With respect to the defendants' argument that they never received notice of the August 8, 2005 Order, the court notes that the defendants have had three opportunities to provide discovery or to respond to the discovery motions that were previously before this court: when the discovery was due, when the motions

4

to compel and for sanctions were filed, and when a response was due for each of these motions. The defendants have known that the discovery was outstanding and that motions related to it had been filed for many weeks. Nevertheless, the defendants failed to respond, even after the plaintiff requested default judgment be entered in its favor because of the defendants' discovery violations.

Furthermore, the court's electronic filing system indicates that counsel for the defendants received electronic notice of the court's previous order at the email address "lawyerbill@qtm.net." As shown by Exhibit 1 to the defendants' motion to reconsider, this email address is the same one to which defense counsel received notice of the telephonic status conference set for August 23, 2005. The defendants have offered no explanation why receipt of one notice is possible at this address while receipt of another is not.  After the delays already caused by defendants' conduct in this case, the defendants' failure to respond to the pending motions at the outset, the defendants' ongoing failure to provide answers to the first and second set of requests for production, the court's caution that no further extensions of time would be granted, and the court's warning that defendants' pleadings would be stricken upon the failure to respond, the court will not now allow the defendants additional time to respond to the outstanding discovery.

Finally, the defendants indirectly argue in their motion to reconsider that they have provided full and fair discovery

5

responses and that no further documents exist beyond those attached as exhibits to the plaintiff's motions to compel. The court notes that the adequacy of these responses and documents has been a subject of dispute through the plaintiff's several motions. As stated above, the defendants have had ample time in which to present their case on this point, and they have failed to do so.

_____

For the foregoing reasons, the Motion for Reconsideration filed by the defendants, Truck Stop Scale Company and JBS, Inc., on August 23, 2005, is **DENIED**. The court further **ORDERS** that the defendants' pleadings are hereby **STRICKEN**.

ENTERED this 23rd day of August, 2005

s/ ANDREW P. RODOVICH
United States Magistrate Judge