UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
CAT SCALE COMPANY,              )
                               )
             Plaintiff          )
                               )
        v.                      )   Case No. 4:04 cv 53
                               )
TRUCK STOP SCALE COMPANY d/b/a )
TRANSCONTINENTAL WEIGHING      )
SERVICES and JBS, INC. d/b/a   )
GRANDMA'S TRAVEL CENTER,       )
                               )
             Defendants         )
```

OPINION AND ORDER

This matter is before the court on the Motion to Strike Defendants' Answers and Affirmative Defenses filed by the plaintiff, CAT Scale Company, on September 16, 2005.  For the reasons set forth below, the motion is **GRANTED**.

Background

This is the third Opinion and Order addressing the persistent discovery deficiencies of the defendants.  Following an explicit warning on August 8, 2005 that the defendants' failure to comply with the court's first Order would result in the defendants' pleadings being stricken and default judgment entered in favor of the plaintiff, this court struck the defendants' answer to the plaintiff's original complaint on August 23, 2005.

Five days prior to the August 23, 2005 Opinion and Order, the court granted the plaintiff leave to file an amended complaint and ordered the new complaint to be filed within 10 days.  Thus, five days *after* the defendants' answer was stricken in the August 23, 2005 Opinion and Order, the plaintiff filed its

amended complaint.  In addition to the previously asserted federal claims of service mark infringement and unfair competition, the amended complaint added common law claims for trademark infringement and unfair competition, as well as a claim for dilution under the Texas Anti-Dilution statute, Tex. Bus. & Com. Code ß16.29.

After the defendants filed answers to the amended complaint, the plaintiff moved to strike the answers under Federal Rules of Civil Procedure 8(b) and 12(f).  The plaintiff argues that allowing the defendants to answer the amended complaint vitiates the sanctions imposed by the August 23, 2005 Order, and that the defendants' answers violate the Rule 8 directive to assert defenses and denials in "short and plain terms."  *See* Rule 8(b).

Discussion

An amended complaint supersedes the previously filed complaint in its entirety.  *See* 6 Wright, Miller & Marcus, *Federal Practice and Procedure 2d* ß1476, p. 556 (1990).  *See also* **Fullerton v. Maynard**, No. 91-7002, 1991 WL 166400, at *1-2 (10th Cir. Aug. 29, 1991); **United States v. Allred**, No. 90-35435, 1991 WL 73710, at *2 (9th Cir. May 9, 1991); **Jackson National Life Insurance Company v. Greycliff Partners, Ltd.**, 2 F.Supp.2d 1164, 1169 (E.D. Wis. 1998).  Thus, "[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case. . . ."  6 Wright, Miller & Marcus ß1467, pp. 558-59. The practical consequence of filing an amended complaint is that motions and sanctions relating to the original pleadings are

2

rendered moot.  *See, e.g.*, **Macario v. Pratt & Whitney Canada, Inc.**, No. 90-3906, 1990 WL 200125, at *6 (E.D. Pa. Dec. 7, 1990) (finding that the plaintiff's motion to strike the defendant's answer was moot and denying a motion for sanctions because the plaintiff filed an amended complaint).

Here, the plaintiff revived this case after Federal Rule of Civil Procedure 37 sanctions effectively directing judgment in the plaintiff's favor had been entered, by the filing of an amended complaint asserting new claims.  It would be unjust to permit the plaintiff to assert new basis of liability, including a state statutory claim, but to deny the defendants the opportunity to respond.  However, striking only those portions of the amended answer which pertained to claims asserted in the original complaint could result in inconsistent judgments under the circumstances of this case, where some of the federal and state claims are parallel and involve the same facts.  Therefore, justice requires that the defendants be permitted to answer the amended complaint in its entirety.

The fact that this court "ordered" the plaintiff to file the amended complaint in ruling on the plaintiff's motion to file the same is of no consequence.  The court's directive merely established a deadline, and the only penalty for the plaintiff's failure to comply with that Order would have been that the claims asserted in the original complaint would stand.  The plaintiff had ample opportunity to withdraw its request to file an amended complaint, to notify the court that it did not intend to file new

pleadings in light of the August 23, 2005 Opinion and Order, or
simply not to amend.  Because the plaintiff chose to proceed with
the amended complaint, the sanctions imposed on the defendants in
the August 23, 2005 Opinion and Order are moot.  However, the
court cautions the defendants that the warning issued in the
August 8, 2005 Opinion and Order remains in effect.

Nevertheless, the defendants' answers must be stricken with
leave to refile because they violate Rule 8(b) which states that
the answer must respond to the complaint in "short and plain
terms."  Compared to the 11 and 9 page answers filed by the
defendants in response to the original complaint, Truck Stop
Scale's amended answer is 22 pages long, and JBS, Inc.'s spans 33
pages.  Both are replete with improper statements in contraven-
tion of Rule 8(b) and Rule 12(f), which permits the court to
order stricken "redundant, immaterial, impertinent, or scandalous
matter" from a pleading.  *See **Hardin v. American Electric Power***,
188 F.R.D. 509, 511–12 (S.D. Ind. 1999).  As one example, both
defendants argue in response to the amended complaint:

> Defendant believes the allegations made are
> known to be false to Plaintiff.  Defendant
> believes that Cat Scale intentionally de-
> ceived, lied, and misrepresented the facts
> surrounding its application for service and
> trade marks to the U.S. Patent and Trademark
> Office.  Specifically, Plaintiff did not
> disclose the alleged infringement known to
> Plaintiff to the U.S. Patent and Trademark
> Office.  Defendant did not and does not use
> the term certified scale in its scale sign-
> age.  The term scale is generic.  The color
> highway yellow is generic and is not the same
> as the color gold.  There is no color "yellow
> or gold."  A color is either one or the other

4

but not both.  Defendant's application was
for gold and it is not the same as highway
yellow.  Further, Plaintiff is seeking to
continue the mystery around what is now a
fairly widespread and practical technology as
something magical or related to color, when
in fact the technology is not propriety to
Cat Scale and available for purchase by any-
one with sufficient funds.  The confusion is
not in the colors, but in the similar and
competing services.  What is connected is the
same type scale [sic] technology and this is
what bothers Cat Scale not the magic of mak-
ing highway yellow into gold.

Plaintiff is not entitled to protection of
its trademarks as they were fraudulently
obtained.  Cat Scale failed to disclose the
alleged infringement to the U.S. Patent Of-
fice though it was well aware of the exis-
tence of Defendant's signage now argued to be
infringing at the time of its application.
It is the Defendant's common ownership of
Toledo scale equipment and technology that is
the source the [sic] "damage" to Plaintiff
not the alleged confusion over colors.  The
truckers recognized the efficacy of the tech-
nology, just as computer users recognized the
efficacy of the Google technology.  The suc-
cess wasn't not built on advertising budget,
but investment in the technology that im-
proved weighing services throughout the
United States.

(Defendant's Amended Answers to Complaint $\partial$4)

It is difficult to imagine an averment less concise and more

redundant, immaterial, and impertinent than this one.  Because

such statements abound throughout both defendants' amended

answers, these answers are stricken fully.  The defendants shall

file revised answers within 10 days of this Order.

———————————

For the foregoing reasons, the Motion to Strike Defendants'

Answers and Affirmative Defenses filed by the plaintiff, CAT

5

Scale Company, on September 16, 2005 is **GRANTED.**  The defendants are **ORDERED** to file revised amended answers by December 15, 2005. NO EXTENSIONS OF TIME WILL BE GRANTED.

ENTERED this 5th day of December, 2005


s/ ANDREW P. RODOVICH
United States Magistrate Judge